UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **RASHAD J. JONES**, | 4:15-cr-20438 |
| Petitioner, | HON. TERRENCE G. BERG |
| v. | **ORDER DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND TRANSFERRING REMAINING CLAIMS** |
| **UNITED STATES OF AMERICA**, | |
| Respondent. | |

Petitioner Rashad J. Jones was convicted of the offense of felon in possession of ammunition, 18 U.S.C. § 922(g)(1), after a jury trial. On August 10, 2016 this Court sentenced him to serve 48 months in prison. Petitioner now moves the court to vacate or modify his sentence under 28 U.S.C. § 2255 on the ground that he was not given credit for time spent in federal custody before he began serving his federal sentence. In another related claim, Petitioner alleges that his trial counsel was ineffective for failing to move the Court, under U.S.S.G. § 5G1.3, to reduce his sentence to reflect the amount of time already spent in federal custody before sentencing. Because Petitioner's post-sentencing claim alleging incorrect computation of his federal sentence by the Federal Bureau of Prisons ("BOP") falls within the ambit of 28 U.S.C. § 2241, not

28 U.S.C. § 2255, that claim must be transferred to the Western District of Wisconsin, which has jurisdiction over Petitioner's custodian, the Federal Correctional Institution in Oxford, Wisconsin. *See United States v. Jalili*, 925 F.2d 889, 893–94 (6th Cir. 1991) (explaining that an attack on the execution of a sentence is properly cognizable under 28 U.S.C. § 2241, and that such claims must be filed in the court with jurisdiction over the prisoner's custodian). Petitioner's other claim under 28 U.S.C. § 2255 alleging ineffective assistance of counsel may be properly adjudicated by this Court. As will be explained, however, in the discussion below, that claim has no merit and will be dismissed. The Court will transfer Petitioner's remaining claim arising from the BOP's computation of his sentence to the Western District of Wisconsin, where he is currently incarcerated.

## BACKGROUND

Petitioner was sentenced to 48 months in prison after a jury found that he had possessed ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner avers he was in federal custody "from the day of arrest to the day of sentencing"—from June 29, 2015[1] to August 10, 2016. ECF No. 47 PageID.298; ECF No. 51 PageID.306. But the record indicates he first appeared in this Court on writ from the Genesee County Sheriff's Department on July 17, 2015. ECF No. 3 PageID.7; ECF No. 12

---

[1] The government states that Petitioner was in federal custody "since his detention hearing, which occurred three days" after his arrest. ECF No. 51 at 2.

PageID.30. And he was again transported to federal court from the Genesee County Jail by the County's sheriff department on September 10, 2015. ECF No. 13 PageID.31; ECF No. 15 PageID.37. He remained in Genesee County's custody at the time of his federal trial on January 19, 2016. *See* ECF No. 22 PageID.51. At sentencing, this Court made clear that Petitioner's 48-month federal sentence would be served "consecutive to the undischarged terms of imprisonment with the Michigan Department of Corrections," meaning consecutive to any prison term that might be imposed for his state parole violation. ECF No. 46 at PageID.283 (Amended Judgment).

After sentencing, Petitioner was transferred to the custody of the Michigan Department of Corrections ("MDOC") to address his pending state parole violation. *See* ECF No. 47 PageID.298. Petitioner asserts that, within approximately 30 days, the MDOC then transferred him to the custody of the United States Bureau of Prisons ("BOP") to begin serving his federal sentence at the Federal Correctional Institution in Oxford, Wisconsin. *Id.* Accordingly, from the record it appears Petitioner was in state custody in connection with his parole violation until he was transported to Oxford Federal Correctional Institution ("Oxford FCI") on or about November 17, 2017. Information on the BOP website indicates Petitioner is currently scheduled for release on April 3, 2021.

Petitioner explains that when he received his Sentence Monitoring Computation Data Sheet at Oxford FCI, he noticed that the BOP had not

3

given him credit "for the time served while he was in direct federal credit" before arriving at Oxford FCI, and that he "only received credit for 2 months and 26 days." ECF No. 47 PageID.292. Unfortunately, Petitioner did not attach the BOP's computation data sheet to his petition, which makes discerning the time he has already served in state and in federal custody difficult. From the record before the Court, however, it appears Petitioner was not in federal custody until he arrived at Oxford FCI. Nevertheless, Petitioner now asks the Court to vacate or modify his sentence to reflect the length of time he spent in federal custody before sentencing. *Id.* at PageID.298. Additionally, Petitioner claims that sentencing counsel was ineffective in failing to ask the Court to give Petitioner credit for time already spent in federal custody before he began serving his federal sentence.

## DISCUSSION

### A. Miscalculation of Sentence Credit Under 28 U.S.C. § 2241

Petitioner's claims concerning the correct calculation of sentence credit must be raised under 28 U.S.C. § 2241. Where a petitioner is attacking the manner or execution of his sentence, rather than alleging that the sentence was imposed in violation of the Constitution or federal law; is in excess of the maximum authorized by law; or is otherwise subject to collateral attack, 28 U.S.C. § 2255 "does not apply." *Jalili*, 925 F.2d 889, 893 (citing *United States v. Hutchings*, 835 F.2d 184, 186 (8th Cir. 1987); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980)).

4

Instead, a challenge to the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition. *Jalili*, 925 F.2d at 893. The Sixth Circuit has held that claims alleging that the BOP failed to properly award sentence credit are properly addressed in a § 2241 petition. *See United States v. Westmoreland*, 974 F.2d 736, 737–38 (6th Cir. 1992); *see also Jalili*, 925 F.2d at 893.

Because "[t]here is no statute of limitations for federal prisoners filing habeas petitions pursuant to 28 U.S.C. § 2241," Petitioner's claim related to computation of sentencing credit is timely. *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012) (citing *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)). But this Court has no jurisdiction to adjudicate that claim. A federal prisoner challenging the manner in which his sentence is being executed must file a § 2241 habeas petition in the district with jurisdiction over his custodian, here, the Federal Correctional Institution in Oxford, Wisconsin. *Robinson v. Morrison*, 27 F. App'x 557 (6th Cir. 2001); *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). Because Petitioner is confined in a federal prison located in the Western District of Wisconsin, this Court will transfer Petitioner's remaining claim to that district.

### B. Ineffective Assistance of Counsel Under 28 U.S.C. § 2255

A prisoner serving a sentence imposed by a federal court may challenge that sentence under 28 U.S.C. § 2255 "upon the ground that [it] was imposed in violation of the Constitution or laws of the United

5

States . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." As relief, the prisoner may ask the court which imposed the sentence to correct, vacate, or set it aside. The law is clear that "§ 2255 claims that do not assert a constitutional or jurisdictional error are generally cognizable only if they involved 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018) (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal quotation marks omitted)). This standard is met only in "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 (1962). Accordingly, not every alleged error of law can be raised on a § 2255 motion. *Davis*, 417 U.S. at 346.

Petitioner urges that his trial counsel's performance fell below an objective standard of reasonableness because "counsel did not motion the court . . . for a reduction of his sentence for time that he spent in direct federal custody, [which] the BOP may not award him under 5G1.3." ECF No. 47 PageID.296. Claims for ineffective assistance of counsel are reviewed under the two-part test outlined in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that framework, a defendant must show both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Id.* at 687. To establish prejudice, a

6

"defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Seaman v. Washington*, 506 F. App'x 349, 354 (6th Cir. 2012) (citing *Strickland*, 466 U.S. at 694). Further, "[j]udicial scrutiny of counsel's performance must be highly deferential" and "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 669.

Petitioner's ineffective assistance of counsel claim is meritless because the BOP, not the sentencing Court, computes and applies sentencing credit in the first instance.[2] *United States v. Wilson*, 503 U.S. 329, 334 (1992) (explaining that § 3585(b) "does not authorize a district court to compute the credit at sentencing."). Calculation of a federal prisoner's sentence under 18 U.S.C. § 3585, including its commencement date and any credit for time spent in custody before sentencing, is therefore reserved for the Attorney General, acting through the BOP. *United States v. Wilson*, 503 U.S. 329, 334–35 (1991); *Westmoreland*, 974 F.2d at 737–38 (providing that a district court cannot consider a habeas

---

[2] Petitioner's § 2255 claim may also time barred because this Court's original judgment, which Petitioner did not appeal, was entered on September 1, 2016. *See* ECF No. 44. He did not file his habeas petition until December 26, 2017, after the one-year statute of limitations for § 2255 claims, which generally runs from "the date on which the judgment of conviction becomes final," had expired. *Clay v. United States*, 537 U.S. 522, 524 (2003) (citing 28 U.S.C. § 2255(f)). An amended judgment was entered in Petitioner's case on March 24, 2017, to correct a clerical error. *See* ECF No. 46. The Court declines to address whether the amended judgment reset Petitioner's one-year statute of limitations because it is reaching the merits of his ineffective assistance of counsel claim and finds that the claim is without merit.

petition asserting a right to sentence credits under 18 U.S.C. § 3585(b) until the Attorney General has computed credit). Though a district court may review the BOP's computation of sentencing credit, it can only do so after the BOP has made its calculation and can grant relief only "when sentencing credits are miscalculated." *Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006) (citing *United States v. Chase*, 104 F. App'x 561, 562 (6th Cir. 2004)).

Given that the *Strickland* framework provides that the Court should take a deferential view of counsel's performance and presume that it falls within the range of reasonableness, it is reasonable to expect that Petitioner's trial and sentencing counsel was aware that the BOP, not the sentencing court, determines whether a defendant should be given sentencing credit for time served. The Court therefore finds no indication of deficient performance by trial counsel. Moreover, Petitioner cannot show that trial counsel's allegedly deficient performance prejudiced the defense because this Court could not have granted any motion to reduce Petitioner's sentence based on time served—it has no authority to compute or apply sentencing credit before the BOP. Because Petitioner cannot meet either element of the *Strickland* test for ineffective assistance of counsel, his claim for ineffective assistance of counsel under 28 U.S.C. §2255 must be denied.

Further, to the extent Petitioner is arguing that counsel was ineffective for failing to argue at sentencing that his undischarged state

8

term of imprisonment and federal sentence must run concurrently, that claim is also denied. Petitioner appears to be under the impression that U.S.S.G. § 5G1.3(b) applies to his federal sentence. *See* ECF No. 47 PageID.298. But § 5G1.3(b) applies only to terms of imprisonment that "result[ ] from another offense that is relevant conduct to the instant offense of conviction." *See* ECF No. 50 PageID.308. Instead, it is § 5G1.3(d) that is relevant to Petitioner's sentence because he was on state parole at the time he committed a federal offense, causing his state parole to be revoked. Under § 5G1.3(d), in any case "involving an undischarged term of imprisonment, the sentence for the instant [federal] offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior discharged term of imprisonment." At sentencing, this Court ordered that Petitioner would serve a federal sentence of "48 months, *consecutive* to the undischarged terms of imprisonment with the Michigan Department of Corrections." ECF No. 46 PageID.283 (emphasis added). Accordingly, his federal sentence and his state court term of imprisonment for violating state parole are to run consecutively, not concurrently. Petitioner has not presented any facts to the Court that indicate its sentence was imposed in violation of the Constitution or federal law, or that it was in excess of the maximum sentence authorized by law or otherwise subject to collateral attack under § 2555, nor has he presented any facts that lead the Court to believe Petitioner's counsel should have lodged any objection

9

at sentencing, or that he was in any way prejudiced by counsel's failure to do so. Accordingly, Petitioner's habeas claim asking the Court to vacate or modify its previous sentence based on ineffective assistance of counsel will be denied.

## CONCLUSION

For these reasons, the Court hereby **DENIES** Petitioner's claim seeking modification or vacatur of his sentence under 28 U.S.C. § 2255 (ECF No. 47). Petitioner's remaining claim under 28 U.S.C. § 2241, regarding the proper calculation of time served in federal custody, is hereby **TRANSFERRED** to the Western District of Wisconsin.

**SO ORDERED.**

Dated: June 28, 2019     s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 28, 2019.

                                          s/A. Chubb
                                          Case Manager